UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
:
SECURITIES AND EXCHANGE COMMISSION,       :
:
Plaintiff,              :
:
- against-                                :       02 Civ. 5776 (PKC)
:
ADELPHIA COMMUNICATIONS CORP., et al.,    :
:
Defendants.            :
:
------------------------------------------------------------- x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-7-12

[PROPOSED] ORDER GRANTING APPLICATION FOR APPROVAL
OF THE FINAL ADELPHIA SEC FUND ("ASF") DETERMINATIONS
OF THE CLAIMS AGENT, AUTHORIZING DISTRIBUTION OF ASF IN
ACCORDANCE WITH SUCH DETERMINATIONS, DIRECTING TRANSFER
OF ASF FROM THE CRIS ACCOUNT TO THE CLAIMS AGENT'S ESCROW
ACCOUNT AS PROVIDED HEREIN AND APPROVING A RESERVE FUND
TO PAY THE FEES AND EXPENSES OF THE CLAIMS AGENT

Plaintiff, Securities and Exchange Commission ("SEC"), having made an application (the "Application") for an order

a. Approving the Final Adelphia SEC Fund ("ASF") Determinations of the Claims Agent (the "ASF Final Determinations");

b. Authorizing the distribution of ASF in accordance with the ASF Final Determinations;

c. Authorizing the Clerk of the Court to transfer from the Court Registry Investment Service ("CRIS") Account in this case the sum of $20,098.63 consisting of post-judgment interest to the United States Treasury and to transfer the balance of the amount in the CRIS Account in this case to an Escrow Account maintained by the Claims Agent at Huntington National Bank, for further distribution in accordance with the ASF Final Determinations;

d. Approving the Reserve Budget, a copy of which is attached as Exhibit D to the Declaration of Morgan F. Kelly; and

e.  Authorizing the Claims Agent to pay expenses of ASF as incurred from the assets of ASF, provided that the Claims Agent will provide SEC staff ten business days' notice for any expenditure greater than $5,000, and the Claims Agent will not pay any such expenditures to which SEC staff objects, until agreement has been reached or the expense has been approved by the Court;

the Court having considered the Application, the declaration of Morgan F. Kelly, the Managing Director of Richard C. Breeden & Co. LLC ("RCB"), the Claims Agent appointed in this case in support of the Application; and it appearing that due and sufficient notice of the Application had been given; and the Court having found based upon the entire record in this case that the relief requested in the Application is appropriate and necessary to implement the Distribution Plan; it is therefore

ORDERED:

1. The Application is approved in all respects.

2. The ASF Final Determinations of the Claims Agent, Richard C. Breeden, for the distribution of the Adelphia SEC Fund (the "ASF Final Determinations"), are approved in all respects, and the Claims Agent is authorized to make final *pro rata* distribution of ASF in accordance with the ASF Final Determinations.

3. The Clerk of the Court of the United States District Court for the Southern District of New York shall cause the transfer of the SEC v. Adelphia Communications Corp., et al. Settlement Fund on deposit in CRIS account no. 1:02-5776 (the "CRIS Account"), provided that the Clerk shall make such transfer as follows:

a. Upon entry of this Order, the Clerk of the Court shall transfer $20,098.63 to the general fund of the United States Treasury by issuing a check payable to the Securities and Exchange Commission and send it by Federal Express to its collections contractor, Enterprise Services Center, Accounts Receivable Branch, 6500 South MacArthur Boulevard, Oklahoma City, OK 73169.

b. Upon entry of this Order, the Clerk shall transfer $50 million from the CRIS Account by check payable to Huntington National Bank as Escrow Agent and send it by Federal Express to Huntington National Bank, Attn: Teller, Private Banking, 41 S. High Street, Huntington Center, Gallery Level – HC0220, Columbus, OH 43215 for deposit in the SEC v Adelphia Distribution Fund (the "First Tranche").

c. Upon presentation of evidence by the Claims Agent and the SEC staff that at least 75% of the First Tranche has been disbursed from the Escrow Account, the Clerk of the Court shall transfer the balance of the CRIS Account by check payable to Huntington National Bank as Escrow Agent and send it by Federal Express to Huntington National Bank, Attn: Teller, Private Banking, 41 S. High Street, Huntington Center, Gallery Level – HC0220, Columbus, OH 43215 for deposit in the SEC v Adelphia Distribution Fund (the "Second Tranche").

4.  The Claims Agent shall distribute the Settlement Fund, net of the Reserve Budget, in accordance with the ASF Final Determinations.

5.  All checks issued by ASF as part of the final distribution shall become void if not negotiated within 90 days of issuance, after which time any claim against ASF shall be finally and irrevocably extinguished.

6.  The Reserve Budget is hereby approved and the total amount distributed to claimants from ASF shall be net of the Reserve Budget.

7.  The Claims Agent is authorized to pay the expenses of ASF as incurred from the assets of ASF, provided that the Claims Agent shall provide SEC staff advance notice of ten business days for any expenditure greater than $5,000, and the Claims Agent will not pay any such expenditure to which SEC staff objects until agreement has been reached or the expense has been approved by the Court.

8. The Claims Agent shall obtain approval of the Court before paying taxes or professional fees from ASF.

9. After the completion of distributions to victims in accordance with the approved ASF Final Determinations and any outstanding uncashed checks have been voided after the stale date, the Claims Agent shall submit to the SEC and to the Court a final accounting, setting forth:

    a. The total amount of ASF funds transferred from the CRIS account to the Escrow Account.

    b. The total amount of ASF assets distributed to claimants;

    c. The total expenditures from the Reserve Budget including a detailed itemization of such expenditures;

    d. An estimate of additional expenditures through the completion of the Retention Period; and

    e. The amount of any remaining funds to be remitted to the U.S. Treasury.

Dated: New York, New York
       12-7, 2012

_[signature]_
United States District Judge